IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03297-PAB-SBP

PRISCILLA ANN THOMPSON, individually and as
Proposed Independent Administrator of the
Estate of Jamarr Thompson,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant,

## ORDER

**Susan Prose, United States Magistrate Judge**

This matter is before the court on Plaintiff's First Motion for Leave to File Second Amended Complaint (ECF No. 40) (the "Motion"). The Motion has been fully briefed. *See* ECF Nos. 40, 42. The undersigned considers this matter pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated November 27, 2024 (ECF No. 4), and the Memorandum dated September 5, 2025 (ECF No. 41). Having carefully reviewed the Motion and associated briefing, the applicable law, and the entire docket, the court now respectfully **ORDERS** that the Motion be **granted**.[1]

---

[1] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). "[M]any courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims," *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-

Plaintiff initiated this action on November 26, 2024. *See* ECF No. 1. After the parties conferred regarding a potential motion to dismiss, Plaintiff filed a First Amended Complaint on February 28, 2025. *See* ECF Nos. 20–21. Defendant then moved to dismiss under Rule 12(b)(1), asserting that Plaintiff's FTCA claims are barred by the discretionary-function exception and other jurisdictional doctrines. *See* ECF No. 31. The court stayed discovery pending resolution of the jurisdictional motion and vacated the scheduling conference. *See* ECF No. 36.

Plaintiff now seeks leave to file a Second Amended Complaint. *See* ECF No. 40. Plaintiff represents that on June 20, 2025, she obtained the sentencing transcript of Jonathan Guillory—the inmate who stabbed Decedent Jamarr Thompson on December 6, 2021—and that the transcript revealed facts previously unknown to her. *See* ECF No. 40 at 2–3. Defendant opposes amendment, arguing primarily that amendment would be futile because the discretionary-function exception continues to bar the claims. *See* ECF No. 42.

The proposed Second Amended Complaint does not add parties or new causes of action. *See* ECF No. 40-1. Instead, it expands the factual allegations supporting Plaintiff's FTCA negligence theory. The proposed pleading alleges that Decedent Thompson was housed with Mr. Guillory at USP Florence High and that Mr. Guillory had untreated post-traumatic stress disorder. *Id*. ¶ 25. It further alleges that prison staff were aware that both men suffered from mental health issues. *Id*. ¶ 26. Two months before the homicide, Officer FNU Green allegedly warned leadership and other guards that housing the two inmates together presented a "serious problem that needed to be dealt with," but the issue was not addressed. *Id*. ¶ 27.

According to the proposed pleading, in the weeks leading up to December 6, 2021, Mr. Thompson's mental illness went untreated and he experienced delusions, including that Mr. Guillory had molested him as a child. *Id*. ¶ 28. During that period, the facility's lockdown

---

00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to distinguish between allowing and denying an amendment in considering whether to use an order or recommendation as a magistrate judge). However, courts in this District have treated orders granting motions to amend as non-dispositive. *See Gould v. Union Pac. R.R. Co.*, No. 19-cv-02326-PAB-NRN, 2021 WL 4398598, at *1 (D. Colo. Sept. 27, 2021) (observing that "a magistrate judge's decision to grant leave to amend a complaint [is] non-dispositive.") (quotations and citation omitted). Thus, the court proceeds by order here.

2

conditions allegedly confined the men to their shared cell for 47 hours and 45 minutes every two days, with one 15-minute break outside the cell. *Id*. ¶ 29. The proposed complaint alleges that the close confinement and untreated mental health conditions led the two men to argue and fight and that, over the ensuing weeks, both repeatedly pleaded with correctional officers—including Officer Brenda Torres—to be permitted to change cells or cellmates due to fears for their safety. *Id*. ¶¶ 30–31. The proposed pleading alleges that staff ignored these pleas. *Id*. ¶ 32. It further alleges that Officer Torres mocked the inmates, encouraged them to resolve their conflict violently—stating "you're gangsters, handle it like gangsters," and "fight or f***"—and dismissed their concerns by stating, "I don't give a f***, I'm retiring, I'm out of here." *Id*. ¶¶ 33–34. The proposed pleading alleges that other staff observed the refusal to address the inmates' safety concerns and Officer Torres's alleged encouragement of violence, yet no action was taken to address the situation or ensure Mr. Thompson's safety. *Id*. ¶¶ 35–36.

The proposed Second Amended Complaint also alleges that staff failed to report inmate behavior suggestive of mental illness as contemplated by BOP Program Statement 5310.16, *Treatment and Care of Inmates with Mental Illness* (May 1, 2014). *Id*. ¶¶ 37–38. It further alleges that staff failed to report to management acts or omissions that could result in a breach of institutional security, as contemplated by BOP Program Statement 3420.11—which governed standards of employee conduct at the time of the assault at issue—including the inmates' safety concerns and Officer Torres's alleged statements and conduct. *Id*. ¶¶ 39–40. Finally, it alleges that, during the assault, staff did not respond until after Mr. Thompson had been attacked and lay dying in front of the officers' cage, and it cites the requirement set forth in Program Statement 3420.11 that employees respond "immediately" during emergencies. *Id*. ¶¶ 53–54.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasizing that "the leave sought should, as the rules require, be 'freely given'"). The Tenth Circuit likewise instructs that Rule 15 is intended to provide litigants the maximum opportunity to have claims decided on their merits rather than on procedural technicalities. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Leave may be

denied for undue delay, undue prejudice, bad faith, repeated failure to cure deficiencies, or futility. *See id.*

This case remains in its early procedural posture. Defendant has not filed an answer. Discovery remains stayed. No Scheduling Order has entered. No substantive ruling has issued on the pending motion to dismiss. Plaintiff represents that she did not learn the new facts until June 20, 2025, and sought amendment thereafter. *See* ECF No. 40 at 2–3. The proposed amendment arises from the same operative events—the December 6, 2021 homicide at USP Florence High—and does not expand the case beyond Plaintiff's existing FTCA negligence theory. *See* ECF No. 40-1 ¶¶ 25–36, 53–54. On this record and at this stage, the court finds no substantial prejudice to Defendant and no basis to infer bad faith or dilatory motive.

Defendant argues that amendment would be futile because the discretionary-function exception continues to bar the claims. *See* ECF No. 42. The court recognizes that Defendant's argument raises significant jurisdictional questions concerning whether the challenged conduct involves discretionary judgment grounded in policy considerations. However, the court declines to resolve those questions in the Rule 15 context. Whether the proposed Second Amended Complaint survives dismissal is better addressed through motion practice directed at the operative pleading. Given Rule 15's liberal standard and the procedural posture of this case, the court cannot conclude at this juncture that amendment is clearly futile.

Accordingly, it is respectfully **ORDERED** that Plaintiff's First Motion for Leave to File Second Amended Complaint (ECF No. 40) is **GRANTED**. Plaintiff shall separately file the Second Amended Complaint in the form attached to her Motion (ECF No. 40-1) on or before February 20, 2026. Defendant shall answer or otherwise respond in accordance with the Federal Rules of Civil Procedure.[2]

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver

DATED: February 13, 2026						BY THE COURT:

								_____
								Susan Prose
								United States Magistrate Judge

---

rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

5